# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                      **Case No. 09-CR-190**

**NORMA LEONARD-ALLEN**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Norma Leonard-Allen pleaded guilty to two counts of bankruptcy fraud under 18 U.S.C. § 152(3), and I set the case for sentencing. In imposing sentence, the district court must first calculate the advisory sentencing guideline range, then determine the ultimate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

## I. GUIDELINES

Defendant's pre-sentence report ("PSR") set a base offense level of 6 under U.S.S.G. § 2B1.1(a)(2), then added enhancements of 8 levels under § 2B1.1(b)(1)(E) based the intended loss amount, and 2 levels under § 2B1.1(b)(8)(B) because the offense involved fraud in a bankruptcy proceeding, for an adjusted level of 16. The PSR then subtracted 3 levels for acceptance of responsibility under § 3E1.1, for a final level of 13. Coupled with defendant's criminal history category of I, level 13 produced an imprisonment range of 12-18 months. Neither side objected to these calculations, which I found correct and adopted accordingly. I turned then to imposition of sentence under § 3553(a).

## II.  SECTION 3553(a)

**A.     Sentencing Factors**

In imposing sentence, the district court must consider the factors set forth in § 3553(a):

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the advisory guideline range;

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to comply with the purposes of sentencing – punishment, deterrence, protection of the public, and rehabilitation of the defendant.  The court should give respectful consideration to the guidelines' recommendation in making this determination, see Gall v. United States, 552 U.S. 38, 46, 49 (2007), but it may not presume that a guideline sentence is the correct one, Nelson v. United States, 129 S. Ct. 890, 892 (2009); Rita v. United

2

States, 551 U.S. 338, 351 (2007), or place any "thumb on the scale" favoring a guideline term, United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties, see Gall, 552 U.S. at 49-50, and keeping in mind that the parsimony provision quoted above represents the "overarching" command of the statute, see Kimbrough v. United States, 552 U.S. 85, 101 (2007).

**B.     Analysis**

    **1.     The Offense**

In September 2005, defendant filed a chapter 7 bankruptcy petition, in which she denied any marital property settlements or being a party to any lawsuits in the preceding year, when in fact she had received $95,000 pursuant to a marital settlement agreement and $8000 in settlement of an employment discrimination suit. Defendant affirmed her petition and schedules under oath and in January 2006 received a discharge of her debts.

The bankruptcy trustee learned of defendant's false statements and in January 2007 moved to reopen and revoke the discharge based on her failure to disclose the payments. A criminal investigation followed, and in June of 2008 the government obtained a seizure warrant for a CD purchased with the hidden funds. Defendant agreed to the forfeiture of the CD, worth about $73,000, and to the entry of a money judgment for about $15,500 representing the amount of un-seized proceeds obtained from the offense.

    **2.     The Defendant**

Defendant was sixty-three years old, with no prior criminal convictions of record. However, as the PSR noted, she was convicted of misconduct in office in 1984, arising out of

3

a scheme in which defendant, then an employee of the county social services department, made up false names and addresses triggering the issuance of AFDC checks, which she had sent to a box number and then cashed. She served a period of probation with 60 days jail as a condition; her probation was terminated early and she received a pardon sometime in the 1990's. (PSR ¶ 46.)

This conviction, even if it could otherwise qualify under U.S.S.G. § 4A1.2 cmt. n.10, was too old to score criminal history points under the guidelines, but it was nevertheless something I could consider under § 3553(a). The instant offense did not represent defendant's first involvement in fraud. Defendant indicated that she terminated her illegal behavior in the previous case before being investigated by authorities, and she made restitution prior to being charged. These were mitigating circumstances, but the prior conduct remained a factor in determining an appropriate sentence in this case.

As to her background and character otherwise, defendant married very young, at sixteen, and the marriage produced five children. The marriage ended after about four years, and defendant ended up raising the children largely on her own. She re-married in 1987, and her separation from her husband in 2005 – and the failure to disclose the resulting settlement – led to the instant charges.

Defendant suffered from several serious health problems: Barrett's disease, a disorder of the esophagus (PSR ¶¶ 62-63); cervical spine problems, for which she underwent surgeries, most recently in October 2008 (PSR ¶¶ 64-65); and hip problems, undergoing a hip replacement in March of 2010 (PSR ¶ 66). She suffered from various other maladies, including fibromyalgia, narcolepsy, and hypertension, as discussed in ¶ 67 of the PSR. She also received treatment, including medication, for depression, as discussed in ¶ 68 of the PSR.

4

After dropping out of school due to pregnancy, defendant earned her high school degree and then a B.A. in business administration. She compiled a decent work record, although she was at the time of sentencing unemployed and receiving social security disability. (PSR ¶¶ 78-80.)

### 3. The Sentence

The guidelines called for 12-18 months' imprisonment, and the government recommended a sentence within that range. Defendant requested probation.

I saw this as a fairly close call, primarily because this was not defendant's first brush with the law. As discussed above, defendant was convicted of fraud and sentenced to probation in 1984. Despite receiving a pardon, something not too easy to come by, she nevertheless committed this offense. An argument could be made that prison was needed to promote respect for the law and to deter.[1] However, for several reasons, I found a sentence served in the community sufficient to satisfy the purposes of sentencing.

First, in late 2007, before this case was charged, defendant made a $15,000 payment to the bankruptcy trustee to satisfy the debts owed her creditors. According to the trustee's report, about $8687 was distributed to unsecured creditors, about $3500 paid to the trustee, and $510 paid to the clerk of the bankruptcy court, with the remainder, about $2200, sent back to defendant's lawyer in the adversary proceeding. In September 2008, the bankruptcy court approved an order discharging the trustee and closing the case. Thus, although the loss figure under the guidelines exceeded $100,000 in this case, the amount actually owed creditors was less than $9000, and that amount was paid prior to indictment, leaving no actual financial loss

---

[1] The government also noted the relative sophistication of the instant offense conduct. (PSR ¶¶ 12-21, discussing the manner in which the funds were concealed.)

5

to the creditors. The government noted that defendant paid her creditors only after the trustee learned of the fraud. Nevertheless, defendant did make amends prior to indictment, and these efforts to ameliorate the harm caused by the offense were appropriately considered under § 3553(a).

Second, defendant agreed to the forfeiture of the $73,000 CD seized by the government and to the entry of a money judgment against her in the amount of about $15,500, representing the proceeds of the offense. This represented a significant penalty, making imprisonment unnecessary to provide just punishment for the offense.

Third, given defendant's relatively advanced age and her serious health problems, I found that a sentence served in the community would suffice to deter and protect the public. I included several special conditions of probation to ensure monitoring. Her treatment needs were also best met in the community.

For these reasons, I placed defendant on probation for a period of three years. I found this sufficient to ensure monitoring. In order to provide a sufficient measure of punishment, I imposed 180 days of home confinement as a condition.

### III. CONCLUSION

I therefore ordered defendant to serve three years of probation. Based on her financial situation and the forfeitures, I determined that defendant lacked the ability to pay a fine, but I did require ten hours of community service work per year in lieu of the fine. As further conditions of probation, I required defendant to provide access to all financial information requested by the supervising probation officer; participate in a mental health evaluation and treatment program as directed by the supervising probation officer; and to comply with the conditions of home confinement for a period not to exceed 180 consecutive days. Other terms

6

and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge